UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY B. STELTER,

    Plaintiff,

v.

Case No. 14-cv-904-PP

ANTHONY MELI,
RANDY VANDE SLUNT,
BELINDA SCHRUBBE,
PAULA TIRUVEECULA,
JAY CERNY, and
CORY SABISH,

    Defendants.

**ORDER DISMISSING PLAINTIFF'S CLAIM OF RETALIATION (DKT. NO. 31), DENYING PLAINTIFF'S MOTION FOR ORDER TO COMPEL RELEASE OF FUNDS AND EXTENSION OF TIME WITH BRIEF IN SUPPORT (DKT. NO. 34), DENYING PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (DKT. NO. 35), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 53), AND DENYING PLAINTIFF'S LETTER REQUEST FOR APPOINTMENT OF AN EXPERT WITNESS (DKT. NO. 54)**

On February 9, 2015, the plaintiff filed a document entitled "Claim of Retaliation." Dkt. No. 31. The document reads as if it were a brand-new complaint, filed in the middle of the plaintiff's already-in-progress case. In an order dated March 5, 2015, the court noted that the document did not ask the court for permission to amend the original complaint, nor did he ask for permission to supplement the complaint pursuant to Civil Local Rule 15. The court informed the plaintiff that if he wished to file a separate retaliation claim, he needed to file a new complaint and open a new case. So far, the plaintiff has

1

not filed a new case. Regardless, the "Claim of Retaliation" is not a validly-filed document in this case. The court will dismiss that claim.

On March 30, 2015, the plaintiff filed a motion, arguing that the government was violating his First Amendment right to petition the government for redress of grievances, by "preventing him from releasing money to pay for assistance from persons trained in the law." Dkt. No. 34 at 1. Specifically, the plaintiff argues that on March 15, 2015, he sent a letter to an organization called "Elite Paralegal Services," telling that organization what legal services he required and "how much he was sending from his regular account for legal copies not provided by the WCI law library." He claims that someone named "Ms. Ness" denied his request, indicating that Elite was not a paralegal service, but a vendor. The plaintiff attaches to this pleading a letter from him, dated March 15, 2015, asking for copies of briefs and saying, "Please send me both as soon as able. Enclosed is a $20.00 check." The letter is not addressed to anyone; it is not clear to whom the plaintiff sent this letter. He also attaches an information request to the Department of Corrections, also dated March 15, 2015, stating, "Please release money ASAP as I have an April 1st court filing deadline. Any questions of legal need are addressed in the letter. Feel free to read." Dkt. No. 34-1. At the bottom of the form, "S. Ness" wrote, on March 16, 2015, "Ineligible vendor."

The plaintiff concludes by asking the court to order the prison authorities "to allow him to use paralegal services and release money from his

2

inmate account to pay for these services so long as he has the funds to pay for it. Plaintiff also asks for more time to file his Memorandum of Law."

The court will deny the motion to compel. As the court has told the plaintiff in prior orders, a civil litigant like himself does not have any "automatic right to court-appointed counsel." Dkt. No. 21 at 1, citing <u>Luttrell v. Nickel</u>, 129 F.3d 933, 936 (7th Cir. 1997). If a civil plaintiff does not have a constitutional right to a lawyer, it follows that he does not have a constitutional right to the assistance of a paralegal. More to the point, though, the document the plaintiff attached to his motion indicates that the prison staff—"S. Ness"—denied the plaintiff's request to send money to "Elite Paralegal Services," because that organization is not one of the vendors that the DOC has authorized. The plaintiff may ask facility staff to give him the names of some *approved* vendors, and, if he has enough money in his account, may ask the facility to send funds to one of those vendors to provide the documents. The facility has not violated the plaintiff's First Amendment rights by requiring him to go through an approved vendor.

The plaintiff also asked for an extension of time to file his "Memorandum of Law," which he indicates was due April 1. The court notes that it had set an April 1, 2015 deadline for the parties to file motions for summary judgment. It is usually the defendant in a case who files motions for summary judgment, but plaintiffs may also do so. Because the court is only now ruling on the

3

plaintiff's motion, the court will grant his request for an extension of time to file *his* motion for summary judgment, if he chooses to do so.[1]

On March 30, 2014, the plaintiff filed Plaintiff's First Request for Production of Documents. Dkt. No. 35. The first sentence of this document indicates that the plaintiff is asking the defendants, pursuant to Fed. R. Civ. P. 26 and 34, to provide him with certain discovery. Id. at 1. Discovery demands and requests do not get filed with the court. They get served on the opposing party, because they are requests for the opposing party to provide documents. The court does not become involved in the exchange of discovery unless and until a party alleges (through a properly-filed motion) that the other side has not provided discovery that is appropriately requested. The court will dismiss the plaintiff's document production request, although it notes that this does not in any way impact the responsibilities of the defendants to comply with any valid requests.

On May 11, 2015, the plaintiff filed a motion asking the court to appoint counsel to represent him. Dkt. No. 53. This is the plaintiff's second motion for appointment of counsel. He filed his first motion on July 30, 2014, Dkt. No. 2; the court denied that motion on September 9, 2014, Dkt. No. 12. In this second motion, the plaintiff argues that he doesn't have the money to hire a lawyer, that being in prison limits his ability to conduct discovery or find an expert

---

[1] The court notes that the defendants filed their motion for summary judgment and supporting documents on March 30, 2015. The plaintiff responded on April 20, 2015, and the defendants replied on May 4, 2015. The defendants' motion for summary judgment, therefore, is fully briefed, and the court has it under consideration.

4

witness, that he's never been involved in a civil suit before, and that he's made reasonable efforts to find counsel (as proven by letters he attached to his previous motion). Id.

In its September 9, 2014 order denying the plaintiff's first motion to appoint counsel, the court stated:

> The plaintiff has moved for recruitment of counsel. As a civil litigant, the plaintiff has no automatic right to court-appointed counsel. Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent the plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013) (quoting Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). In Navejar, the Seventh Circuit made clear that this two-prong test, derived from Pruitt, remains effective and is the test that Courts should apply in deciding motions to appoint counsel in civil cases. Navejar, 718 F.3d at 696 (Pruitt, 503 F.3d at 655). The plaintiff has not established that he has made any attempts to secure counsel, let alone reasonable ones. Therefore, the Court will deny his motion for recruitment of counsel without prejudice.

Dkt. No. 12 at 4.

Back in September, the judge assigned to the plaintiff's case may have missed the fact that in his motion to appoint counsel, the plaintiff actually did list four legal groups or lawyers to whom he'd written to represent him. He indicated that he'd solicited the ACLU, an individual attorney in Milwaukee, a law firm in Milwaukee, and an individual attorney in Albany, New York. Dkt. No. 4 at 3. He also attached a letter from a fourth Milwaukee attorney,

5

informing him that that attorney was an employment lawyer, and didn't do the kind of work the plaintiff needed. Id. at 4.

This judge finds that the plaintiff has met the first prong of the Navejar test—he has made reasonable efforts to find a lawyer on his own. But the court does not believe the plaintiff has met the second prong of the Navejar test—showing that his case is so difficult that, factually and legally, he cannot handle it himself. The plaintiff has filed a number of pleadings in the case. He has propounded discovery demands (although it is not clear whether he has served them on the defendants). He has clearly articulated two claims in his complaint. He has responded—in a clear and articulate manner, and with numerous case citations—to the defendants' motion for summary judgment. Currently, there is no trial scheduled. Because the court concludes that, up to this point, the plaintiff has handled his case with competence, the court will deny his motion to appoint counsel without prejudice at this time.

Finally, the plaintiff has filed a letter with the court, which contains what the court construes as a motion for the appointment of a medical expert. Dkt. No. 54. In the letter, the plaintiff explains that he's had a blood test (the results of which he attaches to his letter). He states that the blood test is evidence that he's been exposed to hazardous materials, and that he'll be getting a toxin test to explore that issue further. He says that he needs an expert witness to testify to medical information on this issue. He also asks the court to consider this information in ruling on the defendants' motion for summary judgment. Id.

6

Case 2:14-cv-00904-PP   Filed 05/21/15   Page 6 of 8   Document 55

The plaintiff's request for an appointment of an expert witness is, at best, premature. Right now, the court has in front of it the defendants' fully-briefed motion for summary judgment. The court has not decided that motion yet; it notes, however, that if it *grants* that motion, there will be no trial, and thus no need for testimony, expert or otherwise. The plaintiff has also signaled that he might like to file a motion for summary judgment. If he does so, and if the court were to grant that motion after reading all the briefs, it would mean that the plaintiff would win without a trial, and there would be no need for testimony, expert or otherwise. The court will deny the plaintiff's request as premature; if the case survives summary judgment, the plaintiff can file a proper motion (not a letter) asking the court to appoint an expert, and the court will consider it at that time.

The court **ORDERS** that the plaintiff's February 9, 2015 Claim of Retaliation is **DISMISSED**. (Dkt. No. 31)

The court **DENIES** that the plaintiff's motion to compel the government to release funds to pay Elite Paralegal Services. (Dkt. No. 34) The court **GRANTS** the plaintiff's request to extend the deadline for him to file a motion for summary judgment. (Dkt. No. 34). The court **ORDERS** that if the plaintiff is going to file his own motion for summary judgment, he must do so no later than **Tuesday, June 30, 2015**.

The court **DISMISSES** the Plaintiff's First Request for Production of Documents, because it is not a document that should be filed with the court or that requires court action. (Dkt. No. 35)

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. (Dkt. No. 53)

The court **DENIES WITHOUT PREJUDICE** the plaintiff's letter request to appoint a medical expert. (Dkt. No. 54)

Ordered in Milwaukee this 21st day of May, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court**