UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY B. STELTER,

                Plaintiff,

v.                                          Case No. 14-cv-904-pp

ANTHONY MELI, RANDY VANDE SLUNT,
BELINDA SCHRUBBE, PAULA TIRUVEECULA,
JAY CERNY, and CORY SABISH,

                Defendants.

---

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 62)

---

On March 30, 2016, the court entered an order granting the defendants' motion for summary judgment and dismissing this case. Dkt. No. 60. The court entered judgment the same day. Dkt. No. 61. Two weeks later, the plaintiff filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Dkt. No. 62.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). "Motions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." Id. Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

1

In <u>Burney v. Thorn Americas, Inc.</u>, the court explained what a party needs to show to demonstrate that the court committed a manifest error of law.

> A manifest error of law is . . . narrow, applying only to egregious legal errors. Appeal, not reconsideration, is the time to deal with the majority of legal errors; therefore, a party may not reargue what the court has already rejected. Similarly, summary judgment, not reconsideration, is the time for a party's best legal argument; therefore, a party may not make arguments that it could have raised in the original summary judgment motion. In other words, manifest legal error is the narrow path between the Skylla of arguments already raised and the Kharybdis of arguments that could have been made. *See* Homer, *The Odyssey*, gook 12, ll. 75-140 (Robert Fitzgerald trans. 1961).
>
> Manifest errors are errors so obvious that no additional explanation is needed or possible. For example, if a court on summary judgment refused to draw a reasonable inference in favor of a nonmoving party, the court's error would be manifest: no explanation of the error would be necessary or possible (besides stating that the court violated the rules of summary judgment).

<u>Burney v. Thorn Americas, Inc.</u>, 970 F. Supp. 668, 671 (E.D. Wis. 1997) (some citations omitted).

In his motion, the plaintiff asks the court to reverse its summary judgment decision with regard to defendants Cerney and Vande Slunt. <u>Id.</u> at 5. In its decision, the court found that the plaintiff had conceded that he never complained to Cerney about his concerns about the lack of proper safety equipment. Dkt. No. 60 at 28-29. The court also rejected the plaintiff's argument that Cerney must have known that microcrystalline silica ("MCS") was present in the body shop, and that the plaintiff wasn't wearing a protective mask or respirator. <u>Id.</u> at 29. The court found that because Cerney's job was security, not safety, the plaintiff could only assume that Cerney knew about

the workplace safety issues he raised. Id. at 29-30. The court found no evidence that Cerney was deliberately indifferent, even if it were to assume that the plaintiff had been exposed to a danger. Id. at 30-31.

With regard to Vande Slunt, the court again found no evidence that the plaintiff ever had complained to Vande Slunt about the lack of safety equipment, and no evidence that it was Vande Slunt's job to provide such equipment. Id. at 31. The court rejected the plaintiff's claim that Vande Slunt didn't properly train him regarding safety precautions; that was not Vande Slunte's job. Id. at 31-32. The court found no evidence that Vande Slunt knew that blade coolant could cause health risks or that the plaintiff could come into contact with it. Id. at 32.

In asking the court to reconsider its decision, the plaintiff first indicates that the court erred by failing to "fully apply" the plaintiff's verified amended complaint. Dkt. No. 62 at 1. He states that the "verified" complaint "satisfies requirement of affidavit for summary judgment pursuant to §1746." Id. The court believes that the plaintiff is referring to 28 U.S.C. §1746. That statute provides that in any situation in which a party must submit a sworn declaration, verification or affidavit, the party may meet that requirement by providing an *unsworn* declaration, verification or affidavit if it is in his writing, dated, and subscribed to under penalty of perjury "in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'." The court thinks that the plaintiff is arguing that the court should have treated his

amended complaint, dated October 24, 2014, as an unsworn oath under 28 U.S.C. §1746.

This argument does not demonstrate a manifest error of law. It is true that the plaintiff included the §1746 language at the end of his amended complaint. Dkt. No. 22 at 11. Even accepting all of the allegations in that complaint (or unsworn declaration and verification) as true, the complaint does not contain the evidence that the court found missing in its order ruling on the summary judgment. The unsworn declaration/verification/complaint contains allegations, but contains no evidence or proof that defendants Cerney and Vande Slunt knew the things the plaintiff alleges that they must have known.

Next, the plaintiff argues that his unsworn declaration/verification/complaint was served on the defendants. Dkt. No. 62 at 1. He argues that the complaint "told [the defendants] of the need for proper safety equipment." Id. at 1-2. This argument does not demonstrate manifest error of law. In order to survive summary judgment, the plaintiff needed to present the court with evidence that *at the time of the events he described in the complaint* (the summer of 2013 through the summer of 2014), the defendants knew of the danger he alleged but were deliberately indifferent to it. The plaintiff signed his unsworn verification/complaint on October 24, 2014—some five months or so *after* the events he described in the complaint. Dkt. No. 22 at 11. The unsworn verification/complaint could not have put the defendants on notice in 2013 and the summer of 2014 of the need for safety equipment, because the plaintiff did not create it until October 2014.

The plaintiff states that "[d]efendants failure to provide proper safety equipment, even after being served, may be argued to show deliberate indifference." Id. at 2. In support of this assertion, he cites Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991). That case states that "once prison officials become aware of a problem with prison conditions, they cannot simply ignore the problem, but should take corrective action when warranted." Id. at 826. The court does not disagree with this proposition, even though it is not bound by this decision. But the plaintiff filed his lawsuit in July 2014—two months or so *after* the facts he alleged in the original complaint. He filed the amended complaint (the unsworn verification) in October 2014—five months *after* the facts he alleged in that complaint. If, as the plaintiff argues, it was his unsworn verification—his amended complaint—that put the defendants on notice of his alleged exposure to the dangers of MSC and coolant, they could not have been deliberately indifferent to those dangers until *after* July 2014, or *after* October 2014. But neither complaint alleges that defendants Cerny and Vande Slunt were deliberately indifferent after those dates; both complaints allege that the deliberate indifference happened between the summer of 2013 and the summer of 2014, and the plaintiff has not provided any proof that these two defendants were aware of the alleged dangers during that time period.

The plaintiff claims there is a genuine dispute as to a material fact regarding when the defendants had notice of the need for proper safety equipment. Dkt. No. 62 at 4-5. He argues that the defendants knew about the

5

need for safety equipment prior to his injury and ongoing exposure, and prior to their being served with his amended complaint. Id. at 5.

The plaintiff raised all of these arguments in his summary judgment motion, and the court evaluated in great depth the evidence the plaintiff presented regarding Cerney and Vande Slunt's personal involvement. The court determined with regard to both defendants that there was no evidence of deliberate indifference. Dkt. No. 60 at 28-34. Because a party cannot use a Rule 59(e) motion to reargue points the court already has rejected, these arguments do not demonstrate a manifest error of law.

In their response to the motion to reconsider, the defendants asserted that the plaintiff's argument was moot, because he switched to a clerical job before he filed this lawsuit, so he was out of danger by the time he filed his amended complaint. Dkt. No. 63 at 2. In his reply, the plaintiff argued that the defendants did not present any evidence that "after the plaintiff was given the job title of clerk that plaintiff was no longer working around MCS or blade coolant or even stopped doing any work in the body room." Dkt. No. 64 at 3. The plaintiff does not assert that he *did* work in the body room or around MCS or blade coolant after he changed jobs; he asserts only that the defendants didn't produce any evidence showing that he *didn't*. While it may have been possible that clerks were trained "so they may aid when help is needed," the plaintiff has presented no evidence that he was exposed to chemicals or did any work in the body room after his job changed. Id. Even if the court were to conclude that the parties had a genuine dispute as to the question of whether

6

the plaintiff was exposed to chemicals after he started working as a clerk, this dispute would not be material; it would not impact the court's conclusion that the plaintiff failed to present evidence of deliberate indifference by Cerney or Vande Slunt.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 62.

Dated in Milwaukee, Wisconsin this 17th day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge